Kirk A. Pasich (SBN 94242)
pasichk@dicksteinshapiro.com
Shaun H. Crosner (SBN 259065)
crosners@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Telephone: (310) 772-8300
Facsimile: (310) 772-8301

Attorneys for Plaintiff

Terrence R. McInnis (SBN 155416)
terrence.mcinnis@troutmansanders.com
Ross C. Smith (SBN 204018)
ross.smith@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: (949) 622-2700
Facsimile: (949) 769-2088

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONEWEST BANK, FSB., a Federal Savings Bank,<br><br>  Plaintiff,<br><br>  vs.<br><br>HOUSTON CASUALTY COMPANY, a Texas corporation; and DOES 1 through 10,<br><br>  Defendants. | Case No. 2:14-cv-00547-BRO-JCG<br><br>[The Honorable Beverly Reid O'Connell]<br><br>STIPULATED PROTECTIVE ORDER<br><br>Complaint filed:   December 11, 2013<br>Trial Date:          May 5, 2015 |

DICKSTEIN
SHAPIRO LLP

1
STIPULATED PROTECTIVE ORDER

**TO THE COURT:**

Plaintiff OneWest Bank, FSB, now known as OneWest Bank N.A. ("OneWest"), and Defendant Houston Casualty Company ("HCC"), by and through their respective counsel of record, hereby stipulate to the entry of a Protective Order pursuant to Federal Rules of Civil Procedure 26(c).

## GOOD CAUSE STATEMENT

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. OneWest contends, for example, that certain information in connection with the underlying litigation should be treated as confidential, including documents regarding settlement, defense costs incurred, contractual indemnity agreements with third parties, and discovery and filings. Accordingly, the parties have stipulated to and request that the Court enter the following Protective Order. The parties acknowledge that this order does not confer blanket protections on all disclosures or responses to discovery and that the protection it afford extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 4.4 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; L.R. 79-5.1 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

## STIPULATION

1.    **Definitions**.  In this Stipulated Protective Order, the words set forth below have the following meanings:

a.    "Confidential Materials" means any Document, Testimony, or Information, as defined below: i. that is produced for or disclosed to a party (Plaintiff or Defendant); ii. that the Designating Party reasonably and in good faith believes to be entitled to confidential treatment under

applicable law; and, ii. that has been designated as "Confidential Material" by the Designating Party in compliance with this Stipulated Protective Order, and prior to its production.  Nothing in this Stipulated Protective Order shall be construed in any way to control the use, dissemination, publication, or disposition by a party of any Document, Testimony, or Information that legitimately, without breach of confidentiality, are public record or in the public domain, received at any time by that party outside the course of the discovery process in this litigation.

b.      "Designating Party" means the party that designates Confidential Materials as "Confidential."

c.      "Document" or "Documents" means and includes any documents or electronically stored information as contemplated by Federal Rule of Civil Procedure 34(a), including without limitation all writings as defined in Federal Rule of Evidence 1001(a), all originals as defined in Federal Rule of Evidence 1001(d), and all duplicates as defined by Federal Rule of Evidence 1001(e), and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

d.      "Information" means the content of Documents or Testimony.

e.      "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2.      **Designation of Confidential Material.**  All or any part of any Documents, Testimony, or Information may be designated as "Confidential Material," but must be clearly so designated before it is disclosed or produced.  Each party or non-party that designates Documents, Testimony, or Information for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards, so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of

1   this Order.  Mass, indiscriminate, or routine designations are prohibited.  The

2   "Confidential" designation should not obscure or interfere with the legibility of the

3   Document, Testimony, or Information.

4         a.    <u>For Documents</u> (apart from deposition transcripts), the Designating

5         Party must mark the words "CONFIDENTIAL" or "CONFIDENTIAL

6         MATERIAL" on each page of any Document containing Confidential

7         Information.

8         b.    <u>For Testimony given in depositions</u> the party or non-party offering

9         or sponsoring the testimony shall designate on the record, before the

10        close of the deposition, all Confidential Information.  When it is

11        impractical to identify separately each portion of Testimony that is

12        entitled to protection, and when it appears that substantial portions of the

13        Testimony may qualify for protection, the party or non-party that

14        sponsors, offers, or gives the Testimony may invoke on the record

15        (before the deposition is concluded) a right to have up to 20 days after

16        receipt of the transcript to identify in writing the specific portions of the

17        Testimony as to which protection is sought.  Only those portions of the

18        Testimony that are appropriately designated for protection within the 20

19        days after receipt of the transcript shall be covered by the provisions of

20        this Stipulated Protective Order.

21      3.    **<u>Inadvertent Failure to Designate</u>**.  If a party inadvertently produces any

22  Document, Testimony, or Information during discovery that it considers to be

23  "Confidential Material," in whole or in part, without a "Confidential" designation, it

24  may correct the situation as follows:

25        a.    Within twenty days of the discovery of the inadvertent production

26        without "Confidential" designation, and no later than forty-five (45) days

27        prior to trial, the producing party must give written notice to all parties

28        who received the Document, Testimony, or Information that the

producing party claims it, in whole or in part, is "Confidential Material," together with a further copy of the subject Document, Testimony or Information marked "Confidential" as intended by the Designating Party (the "Inadvertent Production Notice").

b.      Upon timely receipt of such Inadvertent Production Notice, the party that received the Document, Testimony or Information inadvertently produced without a "Confidential" designation shall promptly destroy the subject Document, Testimony or Information and all copies thereof, or, at the expense of the Designating Party, return them together with all copies, and shall retain only the version marked "Confidential" as intended by the Designating Party.  Upon timely receipt of an Inadvertent Production Notice, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

c.      If timely corrected, an inadvertent failure to designate qualified Documents, Testimony, or Information as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

4.     **Access to and Use of Confidential Material**.

4.1    "Confidential Material," shall be used or disclosed solely for the purposes of preparing for, conducting, participating in the conduct of, and /or prosecuting and/or defending this Proceeding, and in accordance with the provisions of this Stipulated Protective Order, and shall not be used for any other purpose without further order of the Court.

4.2    "Confidential Material" may be disclosed only to the following persons:

a.      the Court;

b.      court reporters in this Proceeding (whether at depositions, hearings, or other proceeding);

DICKSTEIN
SHAPIRO LLP

c.     a party's or non-party's directors, officers, employees, former employees, representatives and agents in connection with the prosecution, defense, or supervision of this action or in connection with the production of documents or the giving of testimony in this lawsuit;

d.     regulatory authorities upon request, or to satisfy legal or regulatory requirements, provided that written notice is given to the Designating Party at least five (5) days prior to disclosure to the regulatory authorities, or as soon as practicable if disclosure is required by regulatory authorities in less than five (5) days;

e.     counsel of record for the respective parties in this action and counsel for any non-party required to produce documents or give testimony in this lawsuit and secretarial, clerical, litigation support and paralegal personnel regularly employed by such counsel to whom such counsel deems necessary that the confidential information be shown for purposes of this litigation;

f.     other counsel for the respective parties in this action and their employees, agents, and representatives who are assisting in the prosecution or defense of this action;

g.     experts and consultants who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this action, provided that access to "Confidential Material" by experts and consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants, and such access shall be conditioned upon each expert's and/or consultant's agreement to abide by the terms of this Stipulated Protective Order;

h.     factual witnesses who agree to comply with and be bound by the requirements of this Stipulated Protective Order and whose role as a

DICKSTEIN
SHAPIRO LLP

STIPULATED PROTECTIVE ORDER

witness is such that they have a genuine need to know the content of the confidential information;

i.      any other person that the Designating Party agrees to in writing.

4.3     Before disclosure of "Confidential Material" to any person in categories g, h, and/or I above, each such person shall be provided with a copy of this Stipulated Protective Order and shall execute a Non-Disclosure Agreement (Exhibit A).  The qualified persons listed above shall not distribute, disclose, or otherwise publish or make available "Confidential Material" to any third person unless consented to in writing by the Designating Party, or permitted to do so by the Court.

4.4     Without written permission from the Designating Party or a Court order secured after appropriate notice, a party may not file in the public record in this Proceeding any Confidential Material.  A party that seeks to file under seal any Protected Material must comply with L.R. 79-5.1.

4.5.    Upon termination of this lawsuit by judgment, and the expiration of any and all appeals therefrom, or by settlement, all parties shall return to counsel for such producing party all "Confidential Material" received from such party, including all copies, prints, summaries, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants.  As an alternative to returning all or part of such "Confidential Material," parties may certify to counsel for the producing party that they have destroyed all unreturned "Confidential Material."  This Stipulated Protective Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

5.      **Right to Challenge Designation, Assert Other Objections, and Seek Amendment of this Order**.

5.1.    Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order shall not operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or

DICKSTEIN
SHAPIRO LLP

STIPULATED PROTECTIVE ORDER

reflects information entitled to confidential treatment under applicable law.  Any party may seek a determination by the Court as to whether any Document, Testimony, or Information marked "Confidential" should be subject to protection as "Confidential" under the terms of this Stipulated Protective Order, as follows:

a.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b.   The parties will abide by Central District Local Rule 37 in seeking such a determination.   Specifically, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange for this conference.  If counsel are unable to settle their differences, they shall formulate a joint written stipulation.  Following the conference of counsel, counsel for the moving party shall provide counsel for the opposing party with the moving party's portion of the stipulation. Counsel for the opposing party shall deliver or e-mail to counsel for the moving party the opposing party's portion of the stipulation within five (5) court days of receipt of the moving party's draft.  After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date.

c.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless and until the Court rules on the challenge, all parties shall continue to treat the material in question as "Confidential Material."

5.2    This Stipulated Protective Order does not preclude any party from moving to have any other information or material designated as confidential in accordance with the rules of this Court.  Any such additional information or material designated as confidential shall be treated as "Confidential Material" pursuant to the terms of this Order.

5.3.    This Stipulated Protective Order is entered into without prejudice to the right of any party to knowingly waive the applicability of this Stipulated Protective Order to any Confidential Material designated by that party.  However, if the Designating Party uses Confidential Materials in a non-confidential manner, including revealing it to any person other than those designated in Paragraph 5, all such materials shall no longer be designated "Confidential Materials," and the Designating Party shall promptly advise the other parties that the designation no longer applies.

5.4.    By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any Document, Testimony, or Information on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to object to the admissibility of any of the material covered by this Protective Order.

5.5.    This Order may be amended by the Court to prevent manifest injustice.  Additional protective orders also may be entered whenever deemed appropriate by the Court.

6.    **<u>Inadvertent Production of Privileged Matter</u>**.  If a producing party inadvertently produces information or documents that it considers privileged, in whole or in part, it may retrieve such information or documents or parts thereof as follows:

a.    Within twenty days of the discovery of the inadvertent production, and no later than forty-five (45) days prior to trial, the producing party must give written notice to all parties who received copies of the produced document that the producing party claims said document, in whole or in part, to be privileged and must state the nature of the

DICKSTEIN
SHAPIRO LLP

STIPULATED PROTECTIVE ORDER

privilege; in the event that only part(s) of document(s) are claimed to be privileged, the producing party shall furnish redacted copies of such privileged documents, removing only the part(s) thereof claimed to be privileged, to all parties together with the notice (the "Inadvertent Production of Privileged Materials Notice").

b.      Upon receipt of such Inadvertent Production of Privileged Materials Notice, all parties who have received copies of the inadvertently produced document(s) shall promptly return them to the producing party and destroy any other copies thereof except to the extent reasonably necessary to promptly present the information to the court under seal for a determination of the claim pursuant to Fed. R. Civ. P. 26(b)(5)(B).

c.      After service of such notice, no motion to compel the production of the inadvertently produced privileged document may rely on an allegation that any privilege as to the document was waived solely by virtue of its inadvertent production.

7.    **Agreement to Abide by this Stipulation Pending Approval**.  The Parties and all persons receiving any Confidential Materials pursuant to this Stipulated Protective Order agree to be bound by it pending its approval and entry by the Court. In the event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court enters a different Order.  It is the Parties' intent to be bound by the terms of this Stipulated Protective Order pending

/ / /
/ / /
/ / /
/ / /
/ / /

1    its entry so as to allow for timely production in Discovery without delay of any

2    Confidential Materials under the terms herein.

3          IT IS SO ORDERED:

4

5    DATED:  October 08, 2014                    _____

6                                               Jay C. Gandhi
                                                U.S. MAGISTRATE JUDGE
7

8          IT IS SO STIPULATED AND AGREED:

9

10   DATED: Sept. 29, 2014

11                                      By:  ____/s/ Shuan H. Crosner_____
12                                           DICKSTEIN SHAPIRO LLP
                                             Kirk A. Pasich
13                                           Shaun H. Crosner
                                             Attorneys for Plaintiff
14

15

16   DATED: Sept. 30, 2014               By:  ____/s/   Ross C. Smith_____
17                                           TROUTMAN SANDERS LLP
                                             Terrence R. McInnis
18                                           Ross C. Smith
                                             Attorneys for Defendant
19

20   *Pursuant to L.R. 5-4.3.4, I hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

21

22

23

24

25

26

27

28

DICKSTEIN
SHAPIRO LLP

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

     I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *OneWest Bank v. Houston Casualty Company*, Case No. 2:14-cv-00547-BRO-JCG.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

DICKSTEIN
SHAPIRO LLP

STIPULATED PROTECTIVE ORDER